17223UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE VAN TEASLEY TRUST,<br><br>    *Plaintiff*,<br><br>    v.<br><br>JAMES E. BERGER, *et al.*,<br><br>    *Defendants*. | Civil Action No. 17-223 (RDM) |

## MEMORANDUM OPINION

Defendant Dajuan Hart removed this action from the "Landlord and Tenant Branch" of the Superior Court of the District of Columbia to this Court on February 1, 2017. Dkt. 1 at 1–2, 4. Hart asserts that this Court has original jurisdiction under 28 U.S.C. § 1331. *Id.* at 2. He further alleges that, because the case "arise[s] under the Fair Debt Collection Practice[s] Act," he may "remove[] [it] to [this] Court . . . pursuant to . . . 28 U.S.C. § 1441(a)." *Id.* On February 13, 2017, this Court issued an order "requir[ing] [Hart] to show cause as to why this case should not be remanded to the Superior Court of the District of Columbia for failure to establish federal jurisdiction." Dkt. 4. To date, Hart has not responded to the Court's order.[1]

Removal to federal court is appropriate only when the case might have originally been brought in federal court. 28 U.S.C. § 1441(a); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Here, this Court lacks original jurisdiction

---

[1] The Court mailed copies of its February 13, 2017, Order to Show Cause to each of the three defendants at their addresses of record. On March 1, 2017, the mailing sent to one of the other defendants, James E. Berger, was returned as undeliverable. *See* Dkt. 5.

over Hart's action.  Although Hart asserts that the underlying civil action "arise[s] under the Fair Debt Collection Practice[s] Act," Dkt. 1 at 2—*i.e.*, a federal law—the complaint filed against him in the Landlord and Tenant Branch of the Superior Court makes no mention of that statute, *see* Dkt. 1 at 4–6.  Those courts that have considered the issue, moreover, have held that the complete preemption doctrine is inapplicable to the Fair Debt Collection Practices Act ("FDCPA"), *see, e.g.*, *Virgil v. Reorganized M.W. Co., Inc.*, 156 F. Supp. 2d 624, 631–32 (S.D. Miss. 2001); *Binion v. Franklin Collection Servs., Inc.*, 147 F. Supp. 2d 519, 522 (S.D. Miss. 2001), and, in any event, Hart has not raised the FDCPA as a defense to this landlord-tenant dispute, *see* Dkt. 1 at 8–12.  Accordingly, there is nothing that distinguishes this case from the typical case brought in landlord and tenant court in the District of Columbia, and matters before that court "are not matters over which this federal district court has original jurisdiction."  *Smith Property Holdings One, LP v. Baran*, No. 13-cv-518, 2013 WL 1819457, at *1 (D.D.C. April 16, 2013).

Because "it appears… that [this] case was not properly removed," the Court "*must* remand it to the state court from which it was removed."  *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 8 (1983) (emphasis added).  Accordingly, the Court will remand this action to the Superior Court of the District of Columbia.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  April 4, 2017